UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 16-251 (DWF/KMM) |
| | Civil No. 17-4516 (DWF) |
| Respondent-Plaintiff, | |
| v. | **MEMORANDUM** |
| | **OPINION AND ORDER** |
| Jermaine Reggie Smith Williams, | |
| a/k/a Corey Young, | |
| a/k/a Midnight, | |
| Petitioner-Defendant. | |

**INTRODUCTION**

This matter is before the Court on Petitioner-Defendant Jermaine Reggie Smith Williams' ("Petitioner-Defendant") motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct a sentence by a person in federal custody, (Doc. No. 64), in which he alleges that his trial counsel was ineffective because he did not object to the calculated advisory guidelines base offense level and the advisory guidelines sentencing range because his 2000 third-degree assault conviction, (Presentence Investigation Report ("PSR") ¶ 33), was allegedly "stale" and he should not have received any criminal history points because the amount of time he served was less than one year and one month. (Doc. No. 64 at 7-8.) Specifically, Petitioner-Defendant asserts that his trial counsel was ineffective when he advised him to sign the plea agreement without investigating the third-degree assault case and the sentence that he served. Consequently,

Petitioner-Defendant alleges that "he is now serving an illegal sentence" because the correct advisory guidelines range should have been 46 to 57 months, not 70 to 87 months as stated in the plea agreement and the PSR, (Doc. No. 64 at 9), and as found by this Court.  Petitioner-Defendant is before the Court seeking to be resentenced under the advisory range of 46 to 57 months, described by Petitioner-Defendant as the "correct" advisory guidelines range.  (Doc. No. 64 at 12.)  The United States (the "government") opposes Petitioner-Defendant's motion.  Specifically, the government alleges: (1) Petitioner-Defendant's advisory guidelines calculations are not a proper subject on collateral review pursuant to § 2255 because he did not file a direct appeal and therefore procedurally defaulted on this issue; (2) however, even if Petitioner-Defendant's claim was the proper subject of his § 2255 motion, the advisory guidelines were correct pursuant to U.S. Sentencing Guidelines ("U.S.S.G.") §§ 4A1.1(a) and 4A1.2(k)(2)(A) because he served a total term of imprisonment of more than one year and one month when his multiple probation violations for his 2000 third-degree assault conviction are considered with his original term of imprisonment.  Consequently, the government asserts that the PSR and the terms of the plea agreement properly gave three points to Petitioner-Defendant's criminal history score for that conviction.  As a result, the government asserts there was no ineffective assistance of counsel and Petitioner-Defendant is not entitled to any relief.

    For the reasons that the Court discusses below, the Court not only denies Petitioner-Defendant's motion to vacate, set aside, or correct his sentence, (Doc. No. 64),

but the Court also denies Petitioner-Defendant's motions for additional discovery, (Doc. No. 73), and reconsiders its decision granting defendant's motion to file an amended § 2255 petition (Doc. No. 70); and defendant's motion for extension of time to file his supplemental/amended § 2255 petition, (Doc. No. 72).

## BACKGROUND

On September 21, 2016, a grand jury returned a two-count Indictment charging Petitioner-Defendant with being a felon in possession of both a firearm and ammunition, both in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), each of which carried a statutory maximum term of 10 years' imprisonment. (PSR ¶¶ 1, 116; Doc. No. 1.)

On December 20, 2016, Petitioner-Defendant appeared with his counsel and entered a plea of guilty to Count 1 of the Indictment pursuant to a written plea agreement filed with the Court. (PSR ¶¶ 2-3; Doc. Nos. 35, 36.) On March 20, 2017, the United States Probation and Pretrial Services Office issued its final PSR at which time the PSR concluded that Petitioner-Defendant's total offense level was 21 and, with a criminal history category of V, the advisory guidelines range was 70 to 87 months, which was consistent with the advisory guidelines range contemplated by the plea agreement. (PSR ¶¶ 3, 119; Doc. No. 36, ¶ 5.f.) The PSR calculated, consistent with the plea agreement, that the base offense level was 24 pursuant to U.S.S.G. § 2K2.1(a)(2), based upon the Petitioner-Defendant having sustained two prior predicate felony convictions. (PSR ¶¶ 17, 33, 47.) Neither the government nor Petitioner-Defendant objected to the PSR guidelines calculations.

The Court sentenced Petitioner-Defendant on May 1, 2017.  At the sentencing hearing, the Court adopted the PSR's factual findings and guidelines calculations without objections from either party.  (Doc. No. 57, SOR, § I.A.)  This Court sentenced Petitioner-Defendant to the low end of the advisory guidelines range, which was 70 months, and imposed a supervised release term of 3 years.  (Doc. No. 56.)  Significantly, the Court also concluded, pursuant to the 18 U.S.C. § 3553(a) factors, that a fair and appropriate sentence was 70 months.  And, consistent with those same factors, the Court, then and now, states that, irrespective of the advisory guidelines range, even if it would have started at 46 months, the Court would have imposed a 70-month sentence because anything less than 70 months would not promote respect for the law and be consistent with the § 3553(a) factors.  Petitioner-Defendant did not file an appeal of his conviction or sentence.  The Court also observes that, pursuant to the terms of the plea agreement, specifically paragraph 10, Petitioner-Defendant waived his right to appeal his sentence unless it exceeded 87 months, and the government waived its right to appeal the sentence unless it was less than 70 months.

Petitioner-Defendant filed this timely § 2255 motion on or about October 10, 2017.  (Doc. No. 64.)  The government filed its response to Petitioner-Defendant's § 2255 motion on October 18, 2017, (Doc. No. 66), opposing Petitioner-Defendant's § 2255 motion, which the government has asserted is collaterally attacking the calculation of his guideline sentence.  Petitioner-Defendant filed a reply to the government's response on December 11, 2017.  (Doc. No. 69.)  Then, on December 29, 2017, Petitioner-Defendant

filed a motion to amend his § 2255 motion, (Doc. No. 70), alleging new claims of ineffective assistance of counsel by asserting that his trial counsel failed to obtain discovery of the search warrant, failed to move to suppress evidence, and failed to assert a defense that the ammunition and magazines seized from his residence under the warrant did not belong to Petitioner-Defendant. (Doc. No. 70 at 2-3.) As observed by the government, Petitioner-Defendant also asserted a new claim that the United States violated *Brady* by failing to provide search warrant materials in discovery. (Doc. No. 70 at 2-3.) With the information that the Court had at that time, the Court granted Petitioner-Defendant's leave to amend on February 2, 2018. (Doc. No. 71.) On February 20, 2018, Petitioner-Defendant then moved for an extension of 90 days to file what he then referred to as a "Supplemental/Amended" § 2255 Motion. (Doc. No. 72.) In that motion, Petitioner-Defendant now claimed that he was filing motions with the (federal) clerk's office, the Hennepin County clerk's office, and a FOIA request with the ATF, for discovery in support of his new ineffective of assistance of counsel claims. (Doc. No. 72 at ¶ 2.) Petitioner-Defendant also then claimed for the first time that the search warrants executed at his residence and on his van, which were the search warrants when the police seized the firearm, ammunition, and magazines, were "false," but he needed the "discovery materials . . . to support his claims." (Doc. No. 72 ¶¶ 4-5.) Petitioner-Defendant then filed an additional motion for discovery, (Doc. No. 73), on the same day, as the Court noted above. With the information the Court had at that time, the Court, on February 21, 2018, granted Petitioner-Defendant's motion for a 90-day

5

extension ordering Petitioner-Defendant's "Supplemental/Amended" § 2255 Motion to be filed within 90 days of the Order, or by May 22, 2018, and requested that the government respond to Petitioner-Defendant's discovery motion, (Doc. No. 73), by March 9, 2018. (Doc. No. 75.)

Then, on March 2, 2018, the government moved for an order finding that Petitioner-Defendant had waived the attorney-client privilege regarding communications with his defense counsel, Kevin DeVore, based on his various claims of ineffective assistance of counsel and his § 2255 motion, his motion to amend, and his motion for discovery. (Doc. No. 78.) This Court issued an Order finding that Petitioner-Defendant "waived the attorney-client privilege by challenging his former counsel's effectiveness," and authorized and directed Attorney DeVore to provide an affidavit directly responsive to the allegations raised by Petitioner-Defendant, "includ[ing], but . . . not limited to, the subjects of: the investigation and/or research of the case; the discovery process; [Petitioner-Defendant's] plea and plea hearing; [Petitioner-Defendant's] sentence; and any post-sentencing communications between [Petitioner-Defendant] and Attorney DeVore." (Doc. No. 80.)

Significantly, on March 6, 2018, Attorney DeVore filed a four-page, eight-paragraph sworn Affidavit, outlining the extensive time spent meeting with Petitioner-Defendant and discussing the case and potential defenses, including specifically "the search warrant issues," and stating that all of the police reports and warrants were provided to Petitioner-Defendant and discussed with him extensively. (Doc. No. 80.)

## DISCUSSION

I.  **Section 2255 Legal Standard**

Title 28, United States Code, Section 2255, provides that a prisoner "may move the court which imposed the sentence to vacate, set aside, or correct the sentence." In making such a motion, a § 2255 action requires a prisoner to show that he has the right to be released because:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . .

28 U.S.C. § 2255(a).

It must be kept in mind that a § 2255 request for relief is extraordinary and "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Thus, contrary to Petitioner-Defendant's assertion, which will be addressed below, § 2255 does not encompass all claimed errors in conviction and sentencing." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)).

A.  **Guideline calculations**

As observed by the government, the Eighth Circuit has clearly held that a "collateral attack on an application of the career offender guideline provisions is not

7

cognizable under § 2255." *Sun Bear*, *supra* at 704. Petitioner-Defendant's assertion that this Court applied a greater advisory guidelines range than it should have is not, even when viewed in the light most favorable to Petitioner-Defendant, a "complete miscarriage of justice." Ironically, since what this Court did impose was below the statutory maximum, the Court could reimpose the same sentence on any remand, irrespective of the guidelines calculation, consistent with 18 U.S.C. § 3553(a). Consequently, Petitioner-Defendant's 70-month sentence was not "unlawful." *Sun Bear*, 644 F.3d at 705. His sentence clearly did not exceed the statutory maximum for the offense. And, as observed by the government, and as noted above, the Court at this time could still resentence Petitioner-Defendant to a 70-month period of time with an upward variance consistent with the § 3553(a) factors. There was not a "complete miscarriage of justice" and Petitioner-Defendant therefore is not entitled to relief pursuant to § 2255. For that reason alone, the Court denies Petitioner-Defendant's motion. Moreover, it must be noted that because Petitioner-Defendant did not challenge his guidelines calculations at sentencing and did not file a direct appeal, he has procedurally defaulted and is prohibited from obtaining § 2255 relief on his claim before this Court. *Lindsey v. United States*, 615 F.3d 998 (8th Cir. 2010).

## II.     Ineffective Assistance of Counsel

The United States Constitution guarantees that the accused "shall enjoy the right . . . to have the Assistance of Counsel" in criminal prosecutions.  U.S. Const. amend. VI.  To prevail on a claim for ineffective assistance of counsel under § 2255, however, a defendant must overcome a "heavy burden."  *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).  To overcome that burden, a defendant must first "show that counsel's performance was deficient."  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The deficiency must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id.*  Second, the defendant must establish that the deficient performance actually prejudiced the defense.  *Id.*

To establish that there was a deficient performance, the defendant must show that the errors were not the result of "reasonable professional judgment."  *Id.* at 690.  There is a strong presumption "that counsel . . . . rendered adequate assistance."  *Id.*  A defendant must prove, then, with "a probability sufficient to undermine confidence in the outcome," that "but for the counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.

### A.     Failure to object to third-degree assault conviction as "stale"

Even if Petitioner-Defendant's claim, pursuant to § 2255 was properly before this Court, this Court would deny his request for relief on the merits because the PSR, consistent with the terms of the plea agreement, properly calculated Petitioner-Defendant's base offense level to be 24, based upon his two prior qualifying

9

predicate felony convictions, including his felony conviction of third-degree assault. As noted above, Petitioner-Defendant specifically asserts that his third-degree assault conviction, (PSR ¶ 33), should not have been assigned any points because the total time he allegedly served was less than one year and one month imprisonment. (Doc. No. 64 at 8-11.)

However, in making these allegations, Petitioner-Defendant fails to address U.S.S.G. § 4A1.2(k) that considers revocations of probation to clearly include the cumulative total sentence imposed from prior revocations, in addition to the original sentence, in determining whether a conviction receives points pursuant to U.S.S.G. § 4A.1.

As Application note 11 to the commentary of the advisory guidelines § 4A1.2 states: "Section 4A1.2(k) covers revocations of probation . . . where the original term of imprisonment imposed, if any, did not exceed one year and one month." U.S.S.G. § 4A1.2, Cmt. n.11. As the government accurately asserts, consistent with the PSR, the record for Petitioner-Defendant's third-degree assault conviction which was before this Court prior to sentencing, clearly shows Petitioner-Defendant was originally sentenced to a stay of imposition and ordered to serve 180 days with credit for time served. (Ex. 1 - Dakota County File No. K8-00-1197 Sentencing Order, filed Sept. 13, 2000.) Then, Petitioner-Defendant violated the terms and conditions of his probation and the state district court imposed 30 days in jail. (Ex. 1 - Sentencing Order, filed Dec. 8, 2001.) A second violation then followed and the same state district court revoked

Petitioner-Defendant's probation and imposed a sentence of one year and one day and then discharged Petitioner-Defendant from probation. These same revocation periods and the sentences imposed are reflected in the PSR. (PSR ¶ 33.) Consequently, when specific terms of imprisonment imposed for these violations, along with the original sentence, are carefully scrutinized, they clearly exceed one year and one month. As a result, Petitioner-Defendant's third-degree assault conviction was properly assigned three points pursuant to U.S.S.G. § 4A1.1(k).

It is the Court's view that counsel for the government and counsel for Petitioner-Defendant were in fact aware of these circumstances that then led to the terms of the plea agreement, which were consistent with the PSR calculations relating to the third-degree assault conviction. Consequently, close scrutiny of the record before this Court, then and now, belies the notion that Petitioner-Defendant's counsel was ineffective for failing to make an objection. The objection would have been overruled and, perhaps more importantly, with or without the conviction, the § 3553(a) factors were the basis for this Court's 70-month sentence, irrespective of the calculation with respect to the third-degree assault conviction. The objection would have been futile and overruled if it had been made either at the time of the plea agreement or at the time of the presentence investigation.

11

### III.     Petitioner-Defendant's Request for Discovery

Discovery is only available to a habeas petitioner. The petitioner in this case, Petitioner-Defendant, must establish good cause. Then assuming that a petitioner establishes good cause, it is subject to the discretion of the Court. *Newton v. Kemna*, 354 F.3d 776, 783 (8th Cir. 2003) (quoting *Bracy v. Gramely*, 520 U.S. 899, 904 (1997)). Specifically, as observed by the government, to show "good cause" pursuant to Rule 6(a), a petitioner must provide the Court with "specific allegations [that] show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908-09.

Close scrutiny of the record before this Court, including a careful review of its procedural history, even when the facts are viewed in the light most favorable to Petitioner-Defendant, fails to establish good cause. The allegations that Petitioner-Defendant has now made for the first time with respect to search warrant documents authorizing the search of his residence and the van are entirely contradicted by the record before this Court. All one has to do is to review the factual basis contained in the plea agreement and Petitioner-Defendant's statements and the affirmation of that factual basis at the plea hearing. And, before this Court, Petitioner-Defendant clearly stated under oath that he "had enough time to discuss this case with [his] attorney" and that he was "satisfied so far in the case with his [attorney's] services and representation." (COP at 3.) And, as observed by the government, Petitioner-Defendant clearly waived his right to challenge the search warrants and all search and seizure issues. (COP at 21-22.) This

record by itself is sufficient to deny Petitioner-Defendant's request for discovery and for the Court to reconsider its decision with respect to his request and motion to file a "Supplemental/Amended" § 2255 Motion. However, there is more. Attorney DeVore's affidavit details the specifics of his discussions with Petitioner-Defendant regarding the search warrants, including research, issues and potential defenses. (Doc. No. 81, ¶¶ 4-7.) This is not a credibility issue between Petitioner-Defendant and his counsel because the record before this Court confirms Attorney DeVore's statements and entirely refutes Petitioner-Defendant's new assertions.

Finally, whether it relates to Petitioner-Defendant's new assertions with respect to the search of the van in front of the home that was searched or the ammunition and magazines seized from his residence, there is no assertion by Petitioner-Defendant before this Court that constitutes evidence that would establish in any way his innocence. Therefore, his motion for discovery will be denied by this Court.

It cannot be overemphasized by this Court that these new positions by Petitioner-Defendant are entirely contrary to the record before this Court and contrary to Petitioner-Defendant's own behavior at all stages of this case before this Court, including the plea hearing and the sentencing hearing. The record truly speaks for itself in this regard, as observed by the government.

## IV. Petitioner-Defendant's Motion to File an Amended Section 2255 Motion

The information the Court now has after careful review of the procedural history of this case and the entire record before this Court, clearly obligate this Court to reconsider its order granting Petitioner-Defendant's leave to file a "Supplemental/Amended" § 2255 Motion and deny that motion. The Court concludes that Petitioner-Defendant's pending "Supplemental/Amended" § 2255 Motion is deemed a second or subsequent § 2255 motion which requires leave from the Eighth Circuit before filing. *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (noting dismissal of § 2255 for failure to seek certification from court of appeals). When viewed in the context of the entire record, at this time Petitioner-Defendant's claims are clearly new claims of ineffective assistance of counsel which cannot therefore relate back to his initial § 2255 motion. *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999) (holding that for additional § 2255 claims to relate back, they "must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type.'").

## V. Evidentiary Hearing

Based on the record before the Court, there is no reason for the Court to further explore any credibility issues with respect to Petitioner-Defendant's claims. A § 2255 motion can be dismissed without a hearing when: (1) defendant's allegations, if accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions,

rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998). Applying that standard to the Petitioner-Defendant's allegations and the record before the Court, the Court concludes that no evidentiary hearing is required in this case.

## VI.   Certificate of Appealability

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B)(2006); Fed. R. App. P. 22(b)(1). A court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).

The Court has considered whether the issuance of a COA is appropriate. *See Tiedeman v. Benson*, 122 F.3d 518 (8th Cir. 1997). In that context, the Court concludes that no issue raised is "debatable among reasonable jurists." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing *Lozado v. Deeds*, 498 U.S. 430, 432 (1991) (per curiam)). The Petitioner-Defendant has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for the issuance of a COA. 28 U.S.C. § 2253(c)(2).

## CONCLUSION

The record before this Court entirely forecloses any notion that Petitioner-Defendant received ineffective assistance of counsel under *Strickland* either at the plea negotiation stage or at the sentencing and appeal stage.

Based upon the presentations and the submissions of the parties, the Court having carefully reviewed the entire record in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

# ORDER

1.    Petitioner-Defendant Jermaine Reggis Smith's *pro se* Motion for Additional Discovery (Doc. No. [73]) is hereby respectfully **DENIED**.

2.    The Court has reconsidered Petitioner-Defendant Jermaine Reggie Smith's *pro se* Motion for Leave to Amend his § 2255 Petition, (Doc. No. [70]), and his *pro se* Motion for Extension of Time to File his Supplemental/Amended § 2255 Motion. (Doc. No. 72.)  These motions, (Doc. Nos. [70] and [72]) are respectfully **DENIED**.

3.    Petitioner-Defendant Jermaine Reggie Smith Williams' *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. [64]) is respectfully **DENIED**.

4.    No evidentiary hearing is required in this matter.

5.    No Certificate of Appealability will be issued to Petitioner-Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated:  May 14, 2018        s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    United States District Judge