# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 16-251 (DWF/KMM) |
| | Civil No. 17-4516 (DWF) |
| Respondent-Plaintiff, | |
| v. | |
| Jermaine Reggie Smith Williams, | **MEMORANDUM OPINION AND ORDER** |
| a/k/a Corey Young, | |
| a/k/a Midnight, | |
| Petitioner-Defendant. | |

Jermaine Reggie Smith Williams, Petitioner-Defendant, *Pro Se*.

Benjamin Bejar, Assistant United States Attorney, United States Attorney's Office, counsel for the Government.

## INTRODUCTION

This matter is before the Court on Petitioner-Defendant Jermaine Reggie Smith Williams' ("Petitioner-Defendant") *pro se* motion to set aside judgment pursuant to Fed. R. Civ. P. 60(b)(3) and (6) (Doc. No. 86) and subsequent *pro se* motion for discovery under Fed. R. Civ. P. 26 (Doc. No. 95). The United States of America (the "Government") opposes Petitioner-Defendant's motions. (Doc. No. 98.)

Petitioner-Defendant seeks first an order setting aside this Court's earlier denial of his first motion for habeas relief under 28 U.S.C. § 2255, alleging that under Fed. R. Civ. P. 60(b)(3) and (6) he is entitled to relief because his previous counsel submitted a

perjurious affidavit in response to Petitioner-Defendant's motion.  Petitioner-Defendant also moves for an order for discovery, specifically seeking production of recordings and to depose a witness in connection to his allegations of perjury.  The Government consolidates its opposition to Petitioner-Defendant's motions into one response, arguing both motions should be dismissed, without issuance of a certificate of appealability, because they constitute an unauthorized successive § 2255 motion.  The Government further argues that even if viewed under the Rules as advanced, Petitioner-Defendant's motions would fail because his grounds for relief lack merit.

For the reasons set forth below, the Court denies Petitioner-Defendant's motion.

## BACKGROUND

Only an abbreviated version of the procedural history and record is provided because this Court examined both at length in its previous order.  (Doc. No. 84.)

Pursuant to a written plea agreement (Doc. No. 36 "Plea Agreement"), on December 20, 2016, Petitioner-Defendant entered a plea of guilty to Count 1 of a two-count indictment.  (Doc. No. 35.)  A Presentence Investigation Report ("PSR") was ordered at the change of plea hearing (*id.*), and both parties filed responses (Doc. Nos. 48, 50).  As agreed in the Plea Agreement, the PSR included calculations under the United States Sentencing Guidelines (the "Guidelines") totaling an offense level of 21 and a criminal history category of V, which resulted in an advisory guidelines range of

70 to 87 months. (Doc. No. 43 "PSR.") Neither Petitioner-Defendant nor the Government objected to the PSR. (Doc. Nos. 48, 50.)

At sentencing, this Court adopted the PSR without change (Doc. No. 57) and sentenced Petitioner-Defendant to 70 months imprisonment to be followed by 3 years of supervised release (Doc. No. 56). Count 2 of the indictment was dismissed on the motion of the Government. (*Id.*)

Petitioner-Defendant did not file an appeal of his conviction or sentence. He filed a timely § 2255 motion, which the Government opposed. (Doc. Nos. 64, 66.) Petitioner-Defendant additionally filed a reply to the Government's response (Doc. No. 69), a motion to amend his § 2255 petition (Doc. No. 70), a motion for an extension to file a "supplemental/amended" § 2255 motion (Doc. No. 72), which was initially granted (Doc. No. 75), and a motion for discovery seeking "[a]ll *Brady* and *Jencks* [m]aterial" and materials concerning search warrants (Doc. No. 73). Petitioner-Defendant's motions alleged that his trial counsel was ineffective because his counsel wrongly advised him to sign the Plea Agreement and failed to object to the PSR, both of which included erroneous Guidelines calculations. (Doc. No. 64 at 9, 10.) The Government filed a memorandum in opposition to Petitioner-Defendant's subsequent motions. (Doc. No. 82.) After a Government motion for an order finding waiver of attorney-client privilege was granted (Doc. Nos. 78, 80), Petitioner-Defendant's prior counsel, Attorney Kevin DeVore ("Attorney DeVore") filed an affidavit in response

(Doc. No 81 (the "Affidavit").  Petitioner-Defendant's prior motions were all denied, and no certificate of appealability was issued.  (Doc. No. 84.)

Petitioner-Defendant filed his *pro se* motion to set aside judgment pursuant to Fed. R. Civ. P. 60(b)(3) and (6) (Doc. No. 86) with supporting exhibits (Doc. No. 88) on December 3, 2018, followed by his *pro se* motion for discovery under Fed. R. Civ. P. 26 (Doc. No. 95) on January 7, 2019.  The Government filed its response addressing both motions on January 17, 2019.  (Doc. No. 98.)

In its previous order, this Court rejected Petitioner-Defendant's arguments as to the calculation and application of the Guidelines, the alleged ineffectiveness of his trial counsel, his underlying convictions, and his justifications for discovery.  (Doc. No. 84.)

Specifically, this Court found that Petitioner-Defendant was not entitled to relief pursuant to § 2255 because there was no "complete miscarriage of justice," and because Petitioner-Defendant procedurally defaulted by failing to challenge the Guidelines calculations at sentencing or to file a direct appeal.  (*Id.* at 8.)

This Court also found that Petitioner-Defendant's counsel was not ineffective because the calculations used to arrive at the base offense level in the Plea Agreement and PSR, to which the parties agreed, were in fact correct so any objections by his counsel would have been futile and against Petitioner-Defendant's interests.  (*Id.* at 11.)

As to his request for discovery, this Court found that Petitioner-Defendant failed to show the "good cause" required because, even when viewing the facts in the light most

favorable to him, his allegations were "entirely contradicted by the record." (*Id.* at 12.) This Court found no credibility issue between Petitioner-Defendant's allegations in his petition and Attorney DeVore's contradictory account because the record refutes the former and confirms the latter. (*Id.* at 13.) In pertinent part, Attorney DeVore stated that he discussed search warrant issues with Petitioner-Defendant "at many stages throughout his case," and provided the relevant reports and warrants to Petitioner-Defendant, which they discussed more than once. (Affidavit ¶ 6.) It bears repeating, as stated in the earlier order, that Petitioner-Defendant agreed to the factual basis included in the Plea Agreement, stated under oath at the time he entered his plea of guilty that he had sufficient discussion with and advisement from his counsel, and waived his right to contest search and seizure issues. (*Id.* at 12-13.) This Court emphasized that Petitioner-Defendant's assertions were "entirely contrary to the record before this Court and contrary to Petitioner-Defendant's own behavior at all stages of this case." (*Id.* at 13.)

Finally, this Court construed Petitioner-Defendant's then-pending "Supplemental/Amended" § 2255 motion to be a successive § 2255 motion because it asserted new claims of ineffective counsel that did not relate back to his initial motion. (*Id.* at 14.) Petitioner-Defendant had not sought, much less been granted, the required certification from the Eighth Circuit, thus the petition was barred. (*Id.*) This Court

concluded that no evidentiary hearing was required and declined to issue a certificate of appealability ("COA").  (*Id.* at 14-15.)

## DISCUSSION

Petitioner-Defendant now attempts to relitigate his previous § 2255 motion, requesting a different result based on his allegations that Attorney DeVore made false statements regarding reports and warrants related to the searches conducted by law enforcement.  Petitioner-Defendant argues that he can prove his trial counsel committed "perjury and fraud" if afforded the opportunity to depose a member of the staff at Attorney DeVore's old firm (Doc. No. 86 at 2), which will in turn show that he had "a genuine claim of [Attorney DeVore's] ineffectiveness" (*id.* at 4), and that but for this "deficient advice and performance, [Petitioner-Defendant] would have never [pled] guilty" to a charge stemming from a "known unlawful search" (*Id.* at 5).  The Government argues that Petitioner-Defendant's motion must be dismissed as it reiterates his initial § 2255 motion's arguments and is therefore an unauthorized successive § 2255 motion.  Further, the Government argues that Petitioner-Defendant is not entitled to discovery under these circumstances, but even if he obtained the evidence to support his version of events and this Court were to construe his petition as a Rule 60(b) motion, Petitioner-Defendant's motion would fail.

**I.     Section 2255**

The relief Petitioner-Defendant seeks in his present motion rehashes the motion this Court previously denied, and includes the arguments previewed in his motion to file an "Amended/Supplemental" § 2255 motion, which was also denied. (Doc. No. 84.)

Before Petitioner-Defendant may file a "second or successive" motion pursuant to § 2255, he or she must first obtain the permission of the Eighth Circuit Court of Appeals to seek such relief. See 28 U.S.C. §§ 2244(b)(3)(A) and 2255(h). *See also Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). The Eighth Circuit has consistently held that a defendant "may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure." *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005); *see also United States v. Patton*, 309 F.3d 1093 (8th Cir. 2002) (collecting cases); *Boyd*, 304 F.3d at 814. Petitioner-Defendant has not received the required certification from the Eighth Circuit which would allow him to file a successive § 2255 motion. Consequently, this Court is obligated to "dismiss it for failure to obtain authorization from the Court of Appeals." *Id.*

**II.    Rule 60(b)**

The Eighth Circuit has also held that a petitioner-defendant cannot use Rule 60(b) to contest or otherwise attack his criminal judgment because that rule only applies to civil cases. *United States v. Eggleston*, 24 Fed. Appx. 656 (8th Cir. 2002). Moreover, a

petitioner-defendant cannot use Rule 60(b) to reopen a terminated § 2255 proceeding in order to assert additional claims. *See, e.g., Tyler v. Purkett*, 413 F.3d 696, 700 (8th Cir. 2005). Further, a petitioner-defendant cannot avoid the rules and restrictions of 28 U.S.C. § 2255(h) by filing a successive motion as a Rule 60(b) motion. *See, e.g., Boyd*, 304 F.3d 813; *United States v. Matlock*, 107 Fed. Appx. 697 (8th Cir. 2004). A Rule 60(b) motion must be treated as a successive § 2255 motion if it "raise[s] issues . . . which [were] raised in [a] first section 2255 motion or which . . . could have [been] raised in that motion." *Matlock*, 107 Fed. Appx. at 698. For these reasons, there is no relief or remedy available to Petitioner-Defendant pursuant to Rule 60(b).

## III.   Petitioner-Defendant's Request for Discovery

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing § 2254 cases empowers courts to grant discovery at their discretion upon finding "good cause." *Bracy*, 520 U.S. at 910. In turn, the "'good cause' that authorizes discovery under Rule 6(a) requires a showing 'that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to [habeas] relief.'" *Rucker v. Norris*, 563 F.3d 766, 771 (8th Cir. 2009) (quoting *Bracy*, 520 U.S. at 909). Because Petitioner-Defendant's § 2255 motion is procedurally

barred for lack of authorization, he is not entitled to relief and therefore cannot show the required "good cause." *See Rucker*, 563 F.3d 766.[1]

## EVIDENTIARY HEARING

Based on the record before the Court, there is no reason for the Court to further explore any credibility issues with respect to Petitioner-Defendant's claims. A § 2255 motion can be dismissed without a hearing when: (1) defendant's allegations, if accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998). Applying that standard to the Petitioner-Defendant's allegations and the record before the Court, the Court concludes that no evidentiary hearing is required in this case.

## CERTIFICATE OF APPEALABILITY

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B)(2006); Fed. R.

---

[1] This Court notes that the Government provided the warrants and related documents sought by Petitioner-Defendant as an exhibit to its response. (Doc. No. 98, Ex. A.) Further, Petitioner-Defendant himself acknowledges that Attorney DeVore provided him with copies of these documents back in May of 2018, well before the motion before the Court was filed. (Doc. No. 86 at 2-3; Doc. No. 88, Ex. A.) There is no question that the documents exist and were in the possession of the parties, regardless of any possible statement from the witness Petitioner-Defendant seeks to depose. This Court's reasons for dismissing Petitioner-Defendant's initial § 2255 motion stand.

9

App. P. 22(b)(1). A court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).

The Court has considered whether the issuance of a COA is appropriate. *See Tiedeman v. Benson*, 122 F.3d 518 (8th Cir. 1997). In that context, the Court concludes that no issue raised is "debatable among reasonable jurists." *Flieger v. Delo*, 16 F.3d 878, 882 83 (8th Cir. 1994) (citing *Lozado v. Deeds*, 498 U.S. 430, 432 (1991) (per curiam)). The Petitioner-Defendant has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for the issuance of a COA. 28 U.S.C. § 2253(c)(2).

## CONCLUSION

Petitioner-Defendant advances no new arguments, and indeed he would be prohibited from doing so as his present motion is properly construed as an unauthorized successive § 2255 motion. As in its prior ruling, this Court finds that the record in this case "entirely forecloses any notion that Petitioner-Defendant received ineffective assistance of counsel" at either the plea negotiation or sentencing and appeal stages of proceedings.

Based upon the presentations and submissions of the parties, the Court having again carefully reviewed the record in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner-Defendant Jermaine Reggie Smith Williams' *pro se* Motion to Set Aside Judgment Pursuant to Fed. R. Civ. P. 60(b)(3) and (6), (Doc. No. [86]), and subsequent *pro se* Motion for Discovery under Fed. R. Civ. P. 26, (Doc. No. [95]), are respectfully **DENIED**.

2. No evidentiary hearing is required in this matter.

3. No Certificate of Appealability will be issued to Petitioner-Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: April 15, 2019

s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge