## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,

                    Respondent-Plaintiff,

v.

Jermaine Reggie Smith Williams,
a/k/a Corey Young,
a/k/a Midnight,

                  Petitioner-Defendant.

Criminal No. 16-251 (DWF/KMM)
Civil No. 17-4516 (DWF)

**MEMORANDUM
OPINION AND ORDER**

---

Jermaine Reggie Smith Williams, Petitioner-Defendant, *Pro Se*.

Benjamin Bejar, Assistant United States Attorney, United States Attorney's Office,
counsel for the Government.

---

## INTRODUCTION

This matter is before the Court on Petitioner-Defendant Jermaine Reggie Smith
Williams' ("Petitioner-Defendant") self-styled *pro se* motion to alter or amend judgment
pursuant to Fed. R. Civ. P. 59(e). (Doc. No. 101.) The United States of America (the
"Government") opposes Petitioner-Defendant's motion. (Doc. No. 110.)

Petitioner-Defendant seeks an order altering or amending the Court's denial of his
previous motion to set aside judgment under Fed. R. Civ. P. 60(b)(3) as well as his
motion for discovery and his first motion for habeas relief under 28 U.S.C. § 2255. The
Government notes that Petitioner-Defendant's most recent submissions constitute his

seventh substantive post-conviction pleading and argues that his motion should be dismissed without issuance of a certificate of appealability because it amounts to an unauthorized successive § 2255 motion and Petitioner-Defendant's claims lack merit. Petitioner-Defendant augments his claim with additional argument regarding the Supreme Court's recent *Rehaif* decision in his reply to the Government's response. (Doc. No. 111.)

For the reasons set forth below, the Court respectfully denies Petitioner-Defendant's motion.

## BACKGROUND

The Court examined the factual background and procedural history at length in previous orders and these are incorporated herein by reference. (Doc. Nos. 84, 99.)

On May 1, 2017, Petitioner-Defendant was convicted of being a Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and sentenced to a term of 70 months' imprisonment pursuant to his plea of guilty to Count 1 of a two-count indictment. (Doc. No. 56 at 1-2.) Pertinent here, he admitted and agreed both in the plea agreement that he signed and when he pled guilty that he knew he was legally prohibited from possessing a firearm at the time of his offense due to his convicted felon status, that he knowingly and voluntarily possessed a firearm, and that he knew he violated the law by doing so. (Doc. No. 36 ¶ 2(f)-(h); Doc. No. 77 at 27-29.)

Petitioner-Defendant did not file an appeal of his conviction or sentence. He did, however, file a timely § 2255 motion, which the Government opposed. (Doc. Nos. 64, 66.) Petitioner-Defendant filed additional motions, including motions to amend his

habeas petition that were granted.  (Doc. Nos. 70-72, 75.)  Petitioner-Defendant's motion

for relief under § 2255 was denied, and no certificate of appealability ("COA") was

issued.  (Doc. No. 84.)  The Court rejected Petitioner-Defendant's arguments as to the

calculation and application of the Guidelines, the alleged ineffectiveness of his trial

counsel, his underlying convictions, and his justifications for discovery.  (*Id.*)  The Court

concluded that Petitioner-Defendant's assertions were "entirely contrary to the record

before this Court and contrary to Petitioner-Defendant's own behavior at all stages of this

case."  (*Id.* at 13.)  The Court also construed Petitioner-Defendant's then-pending

"Supplemental/Amended" § 2255 motion to be a successive § 2255 motion because it

asserted new claims of ineffective counsel that did not relate back to his initial motion.

Thus, it was barred.  (*Id*. at 14.)

Most recently, the Court denied Petitioner-Defendant's *pro se* motions to set aside

judgment pursuant to Fed. R. Civ. P. 60(b)(3) and (6) and for discovery under Fed. R.

Civ. P. 26 (Doc. Nos. 86, 95) were denied.  (Doc. No. 99.)  The Court concluded that no

evidentiary hearing was required and declined to issue a COA.  (*Id.* at 9-10.)

## DISCUSSION

Petitioner-Defendant once again attempts to relitigate his previous motions,

arguing that after his motions were denied, he "obtained information that directly

contradicted the affidavit filed" by his former counsel, and further, that his former

attorney's actions show that this attorney "has taken sides with the Government sufficient

to be made an adverse party."  (Doc. No. 101 at 4, 5.)  Petitioner-Defendant asserts that

his latest motions should have been construed as amendments to his original § 2255

3

petition, and that the Court abused its discretion both by denying him yet another amended petition under Fed. R. Civ. 15(a) or (c) and by shirking its obligations to hear and decide his amended petition and to instruct him how to conform with the Federal Rules of Civil Procedure. (*Id.* at 6.) For these reasons, he argues, he is entitled to have these "manifest errors of law" corrected pursuant to Fed. R. Civ. P. 59(e). (*Id.* at 2.)

The Government argues that Petitioner-Defendant's motion is untimely under Rule 59(e), but even if timely filed, Petitioner-Defendant's motion would fail because it does not describe a situation rising to the level of the "extraordinary circumstances" under which such relief can be granted. (Doc. No. 110 at 5.)

## I. Section 2255

The relief Petitioner-Defendant seeks in his present motion is the same as in those previously denied with only superficial variations in presentation. Before an inmate may file a "second or successive" motion pursuant to § 2255, he or she must first obtain the permission of the Eighth Circuit Court of Appeals to seek such relief. *See* 28 U.S.C. §§ 2244(b)(3)(A) and 2255(h); *see also Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). The Eighth Circuit has consistently held that a defendant "may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure." *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005); *see also United States v. Patton*, 309 F.3d 1093 (8th Cir. 2002) (collecting cases); *Boyd*, 304 F.3d at 814. Petitioner-Defendant has not received the required order from the Eighth Circuit which would allow him to file a successive § 2255 motion.

Consequently, this Court is obligated to "dismiss it for failure to obtain authorization from the Court of Appeals." *Id.* In the interest of completeness, however, the Court will briefly address Petitioner-Defendant's specific claims.

## II. Rule 59(e)

Rule 59(e) of the Federal Rules of Civil Procedure governs motions to alter or amend a judgment, which must be filed "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Petitioner-Defendant seeks reconsideration of a judgment entered on April 17, 2019 (Doc. No. 100) and filed his present motion 30 days later on May 17, 2019 (Doc. No. 101). As the Government notes, even viewing this judgment as separate from the denial of Petitioner-Defendant's original § 2255 motion which was entered on May 16, 2018 (Doc. No. 85), this filing date falls outside the period allowed under Rule 59(e) (Doc. No. 110 at 3-4.). The Court finds, however, that if Petitioner-Defendant's present motion was to be construed as proper under Rule 59(e), he would be entitled to the benefit of the prisoner mailbox rule because he sent it on May 13, 2019.[1] (Doc. No. 111-1.)

---

[1] Petitioner-Defendant submitted as an exhibit a letter from a unit manager at the place of his incarceration attesting that Petitioner-Defendant placed his present motion in the prison mail system on May 13, 2019 but the mailing was delayed. (Doc. No. 111-1.) The postmark on his motion is dated May 17, 2019. (Doc. No. 101 at 12.) The "prison mailbox rule" under the Federal Rules of Appellate Procedure addresses only notices of appeal but has been applied to *pro se* prisoner filings in other contexts. *Grady v. United States*, 269 F.3d 913, 916 (8th Cir. 2001). An inmate seeking to benefit from the prison mailbox rule must satisfy the requirements of Fed. R. App. P. 4(c) in filing a motion, and "bears the ultimate burden" of proving that the benefit should apply. *Id.* at 916-17. According to Fed. R. App. P. 4(c), a notice of appeal is "timely if it deposited in the institution's internal mail system on or before the last day for filing" and accompanied by "evidence (such as a postmark or date stamp) showing that the notice was so deposited

The Government is correct that Petitioner-Defendant's latest motion is properly construed as an unauthorized second or successive § 2255 petition and as such, his most recent submissions are far too late. Even considering this motion timely, Petitioner-Defendant is not entitled to relief.

As the Government correctly argues, it is improper to bring a Rule 59 motion in order to "repeat[] arguments the district court had already rejected" in the order Petitioner-Defendant is asking to be altered or amended. *Preston v. City of Pleasant Hill*, 642 F.3d 646, 652 (8th Cir. 2011). Rule 59 motions serve the "limited function" of correcting "manifest errors of law or fact or to present newly discovered evidence," and cannot be used to "introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (internal quotations and citations omitted). As elaborated below and in the Court's previous orders, Petitioner-Defendant does not state reasons that would justify relief under Rule 59(e), but instead repeats meritless claims that have already been dismissed, this time in even vaguer terms and without substantiation. (*See, e.g.* Doc. No. 101 at 4 (Petitioner-Defendant avers that after the most recent denial of his claims of ineffective assistance of counsel, he "obtained information that directly contradicted the affidavit" filed by his former counsel without further description).)

---

and that postage was prepaid." Fed. R. App. P. 4(c)(1), (c)(1)(A)(ii). For the limited purpose of responding to the April 17, 2019 judgment, the Court finds that Petitioner-Defendant's motion would be timely under Rule 59(e).

## III.    Rule 15

Petitioner-Defendant invokes both Rules 15(a) and (c) of the Federal Rules of Civil Procedure, arguing that under Rule 15(a) he was entitled to amend his original § 2255 petition because, under Rule 15(c), his amendment related back to that original petition.  (Doc. No. 101 at 6, citing Fed. R. Civ. P. 15(a), (c).)  Petitioner-Defendant further argues that the Court granted his request for leave to amend, and that by failing to advise him that future pleadings "must conform to Fed. R. Civ. P. 15(c)," the Court abused its discretion.  (*Id.* at 6.)

The Court did not rely upon Rule 15 in any of its previous denials.  (*See* Doc. Nos. 84, 99.)  The record reflects that in its May 14, 2018 order, the Court denied not only Petitioner-Defendant's § 2255 motion, but also denied his motions for discovery and for leave to amend.  (Doc. No. 84 (denying Doc. Nos. 64, 70, 72, 73)).

On a general note, the Court acknowledges that *pro se* pleadings are "to be liberally construed."  *Id.* at 932 (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  However, "[d]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants," and "[e]xplaining the details of federal habeas procedure" or performing other "legal 'chores'" undermines the district judge's role as an impartial decisionmaker. *Pliler v. Ford*, 542 U.S. 225, 231 (2004).  It is not an abuse of discretion for the Court to refrain from issuing legal advice in its orders.

Rule 15(c) concerns whether an amendment relates back to the initial pleading, but it is Rule 15(a) that governs requests to amend § 2255 motions before a district court enters judgment.  *United States v. Sellner*, 773 F.3d 927, 931 (8th Cir. 2014).  It is true

that a court "should freely give leave when justice so requires." *Id.*, (citing Fed. R. Civ. P. 15(a)(2)). Here, the Court's judgment as to Petitioner-Defendant's original § 2255 petition was entered on May 16, 2018—it is no longer pending and cannot be amended. Moreover, judgment as to his last motion prior to the one presently before the Court, even to the extent it would be considered under Rule 60(b), is also final. *See, e.g., Lambros*, 404 F.3d at 1036.

In this case, Rule 15 affords Petitioner-Defendant no remedy.

## IV.    **Rule 60(b)**

Rule 60(b) provides relief from a final judgment, order, or proceeding when justified. *See generally,* Fed. R. Civ. P. 60(b). An inmate cannot use Rule 60(b) to reopen a terminated § 2255 proceeding in order to assert additional claims. *See, e.g., Tyler v. Purkett*, 413 F.3d 696, 700 (8th Cir. 2005). Further, an inmate cannot avoid the rules and restrictions of 28 U.S.C. § 2255(h) by filing a successive motion as a Rule 60(b) motion. See, e.g., *Boyd*, 304 F.3d 813; *United States v. Matlock*, 107 Fed. App'x. 697 (8th Cir. 2004). A certificate of appealability must be obtained in order to appeal the denial of any motion "that effectively or ultimately seeks habeas corpus or § 2255 relief." *Lambros*, 404 F.3d at 1036.

A Rule 60(b) motion must be treated as a successive § 2255 motion if it "raise[s] issues . . . which [were] raised in [a] first section 2255 motion or which . . . could have [been] raised in that motion." *Matlock*, 107 Fed. App'x. at 698. "When a procedural Rule 60(b) motion is in substance a successive habeas petition [it] should be treated accordingly." *Baranski v. United States*, 880 F.3d 951, 956 (8th Cir. 2018), *cert. denied*,

139 S. Ct. 266 (2018) (internal quotation marks omitted) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005)). "A certificate of appealability is required to appeal the denial of any motion that effectively or ultimately seeks habeas corpus or § 2255 relief," including a Rule 59(e) or Rule 60(b) motion that seeks to "resurrect the denial" of an earlier §2255 motion. *Lambros*, 404 F.3d at 1036.

For these reasons, there is no relief or remedy available to Petitioner-Defendant pursuant to Rule 60(b) without the required authorization from the Eighth Circuit.

## V.      Ineffective Counsel

Petitioner-Defendant acknowledges that for the purposes of his *pro se* motions, his former attorney no longer represents him. (Doc. No. 101 at 5.) He goes on to assert that his former attorney "has taken sides with the Government" to a degree that his former counsel should be considered an adverse party. (*Id.*) While Petitioner-Defendant made this allegation of fraud by an opposing party to advance his argument that he is entitled to relief under Fed. R. Civ. P. 60(b)(3), it is based upon the same claims that were considered and rejected in earlier orders denying his previous motions. (Doc. Nos. 84, 99.) The Court responded to these allegations at length and will not repeat its analysis here. Petitioner-Defendant's contentions about his former attorney's performance are not credible.

## VI.     *Rehaif v. United States*

Petitioner-Defendant advances one new argument in his last filing, stating that the Supreme Court's recent *Rehaif* opinion creates grounds for a claim of actual innocence because the Government did not "make [Petitioner-Defendant] admit that he knew his

status as a prohibited person" under the statute of his conviction.  (Doc. No. 111 at 2, citing *Rehaif v. United States*, --- U.S. ---, 139 S.Ct. 2191 (2019).)

Even assuming this decision affects Petitioner-Defendant's case, that would not provide him a way to circumvent the requirements for second or successive habeas petitions.  As explained above, claims that have already been adjudicated in previous petitions must be dismissed.  *Gonzalez*, 545 U.S. at 529-30 (citing 28 U.S.C. § 2254). Any claim that was not adjudicated must be dismissed unless it relies on a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence.  *Id.* at 530.  But even when this requirement is met, "before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions."  *Id.* (citing 28 U.S.C. § 2244(b)(3)).  As noted above, the Eighth Circuit has not made the requisite determination that would allow the Court to accept a new § 2255 motion by Petitioner-Defendant.[2]

---

[2]     Additionally, the Court observes that even if *Rehaif* announced a new rule of constitutional law, only the Supreme Court can make the decision retroactive for final convictions.  *Tyler v. Cain*, 533 U.S. 656, 662 (2001).  The Supreme Court has not done so, and furthermore, lower courts have found that *Rehaif* did not announce a new rule of constitutional law.  *See, e.g., In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019), *Moore v. United States*, No. 2:19-cv-02572, 2019 WL 4394755, at *2 (W.D. Tenn. Sept. 12, 2019).  The Court also notes that Petitioner-Defendant admitted to all elements of his crime of conviction in statements he made under oath at the time he entered his plea of guilty.  (Doc. No. 77 at 27-29.)

## EVIDENTIARY HEARING

Based on the record before the Court, there is no reason for the Court to further explore any credibility issues with respect to Petitioner-Defendant's claims. A § 2255 motion can be dismissed without a hearing when: (1) defendant's allegations, if accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998). Applying that standard to the Petitioner-Defendant's allegations and the record before the Court, the Court concludes that no evidentiary hearing is required in this case.

## CERTIFICATE OF APPEALABILITY

An appeal cannot be taken from a final order denying a motion under § 2255 without a COA. 28 U.S.C. § 2253(c)(1)(B)(2006); Fed. R. App. P. 22(b)(1). A court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).

The Court has considered whether the issuance of a COA is appropriate. *See Tiedeman v. Benson*, 122 F.3d 518 (8th Cir. 1997). In that context, the Court concludes that no issue raised is "debatable among reasonable jurists" or deserving of further proceedings. *Flieger v. Delo*, 16 F.3d 878, 882 83 (8th Cir. 1994) (citing *Lozado v. Deeds*, 498 U.S. 430, 432 (1991) (per curiam)). The Petitioner-Defendant has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for the issuance of a COA. 28 U.S.C. § 2253(c)(2).

## CONCLUSION

Petitioner-Defendant rehashes previously rejected arguments and offers one new argument of dubious merit without the authorization required for the Court accept it and without making a showing that issues remain that deserve further proceedings. Based upon the presentations and submissions of the parties, the Court having again carefully reviewed the record in this matter and being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner-Defendant Jermaine Reggie Smith Williams' *pro se* Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) (Doc. No. [101]) is respectfully **DENIED**.

2. No evidentiary hearing is required in this matter.

3. No Certificate of Appealability will be issued to Petitioner-Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: October 11, 2019

s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge